WITT v. ARKANSAS GAME & FISH COMMISSION.

4-4953

Opinion delivered December 6, 1937.

*Harry C. Robinson,* for appellant.

*Jack Holt,* Attorney General, and *T. H. Humphreys, Jr.,* Assistant, for appellee.

HUMPHREYS, J. This suit was brought in the chancery court of Pulaski county by appellant against the Arkansas Game and Fish Commission *et al.,* appellees herein, to enjoin the enforcement of act No. 373 of the Acts of 1937 providing that the open season for killing deer in this state shall be from December 1 to December 15 of each year.

Appellant challenged the validity of said act on the ground that it is a local act and passed in contravention of amendment No. 12 to the Constitution of Arkansas which prohibits the General Assembly of the state from passing any local or special legislation.

The issue joined as to the validity of said act was submitted to the chancery court of said county, resulting in a decree sustaining the validity of the act and dismissing appellant's complaint, from which is this appeal.

It is contended that the decree should be reversed because § 5 attempts to preserve that part of special act 678 of the Acts of 1923 dealing with open and closed seasons for killing deer in Chicot, Desha and Phillips counties which is in conflict with the provisions of the said act 373 of the Acts of 1937 relative to open and closed seasons for killing deer. It is argued that because of this attempt act 373 of the Acts of 1937 is itself a local act and the argument would be sound if act 678 of the Acts of 1923 relating to open and closed seasons for taking deer had been in force and effect when said act 373 of the Acts of 1937 was passed by the Legislature, but, when act 373 of the Acts of 1937 was passed, act 678 of the Acts of 1923 had been repealed by act 160 of the Acts of 1927 in so

far as it related to open and closed seasons for taking deer. An attempt to preserve a part of a local act which has already been repealed by a prior act cannot and will not revive the repealed act, and the attempt to revive same is of no effect and void; so it follows that such attempt in act 373 of 1937 must be eliminated from the act.

The proviso in § 5 of act 373 of the Acts of 1937 is meaningless and must be treated as surplusage.

The decree of the chancery court is, therefore, affirmed.